IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOHN C. COLEMAN, | CASE NO. 5:21-CV-01985 |
| Petitioner, | DISTRICT JUDGE CHARLES ESQUE FLEMING |
| vs. | MAGISTRATE JUDGE AMANDA M. KNAPP |
| WARDEN TIM MCCONAHAY, | **ORDER** |
| Respondent. | |

## I. INTRODUCTION

Petitioner John C. Coleman ("Petitioner") filed his Petition for Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition") *pro se* on September 15, 2021.[1] (ECF Doc. 1.) He supplemented his Petition on October 22, 2021 with a copy of the Ohio Court of Appeals' May 6, 2020 decision affirming his convictions on two counts of burglary. (ECF Doc. 3.) This Order addresses the following motions and related filings:

- Petitioner's Motion for Discovery on Behalf of Petitioner and Motion for Evidentiary Hearing (ECF Doc. 18);
- Petitioner's Motion to Strike (ECF Doc. 23);
- Petitioner's Amended Claims (Actual Innocence Notice) (ECF Doc. 24);

---

[1] "Under the mailbox rule, a habeas petition is deemed filed when the prisoner gives the petition to prison officials for filing in the federal courts." *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266, 273 (1988)). The Petition was docketed on October 20, 2021. (ECF Doc. 1.)

1

- Petitioner's Emergency Motion to Expand the Record (ECF Doc. 25);

- Petitioner's Motion to Strike (ECF Doc. 29);

- Petitioner's Motion to Strike Doc #27, with Motion to Take Judicial Notice of Amended Claims and Vacate Magistrate (ECF Doc. 32);

- Petitioner's Reply to Respondent Doc #28 with Motion to Apply Mailbox Rule (ECF Doc. 34);

- Petitioner's Motion for Definite Statement from Respondent (ECF Doc. 36);

- Petitioner's Motion to Expanding the Record (ECF Doc. 38);

- Petitioner's Notice of Abuse of Taking of Legal Mail (ECF Doc. 39);

- Petitioner's Motion for Issuance of Subpoenas to Meet Actual Innocence (Expand Record Demand) (ECF Doc. 42);

- Petitioner's Motion to Strike Transcripts (ECF Doc. 45);

- Petitioner's Emergency Request for Appointment of Counsel (ECF Doc. 46);

- Petitioner's Emergency Motion for Case Docket with Motion to Provide Clarification on Coleman's Definite Statement Request (ECF Doc. 47);

- Petitioner's Motion for Issuance of Subpoenas to Meet Actual Innocence Support (Expand Record Request) (ECF Doc. 51);

- Petitioner's Motion for Issuance of Subpoenas Transcripts (Expand Record Request) (ECF Doc. 52); and

- Petitioner's Motion for Subpoena the Entire Surveillance Video in Count One Burglary in Support of Actual Innocence Claim (Expand Record Request) (ECF Doc. 56).

The Court's analysis and disposition of the above matters is set forth below.

## II. ANALYSIS

A.  **Petitioner's Amended Petition and Motions to Strike Return of Writ, Apply Mailbox Rule, and Vacate Magistrate Judge Assignment (ECF Docs. 23, 24, 32, 34.)**

Although filed separately, the Court addresses Petitioner's Amended Claims (ECF Doc. 24), Motion to Strike (ECF Doc. 23), Motion to Strike Doc #27, with Motion to Take Judicial Notice of Amended Claims and Vacate Magistrate (ECF Doc. 32), and Motion to Apply Mailbox Rule (ECF Doc. 34) together due to the interrelatedness of the arguments presented therein.

In March 2022, Petitioner filed a Motion to Strike, seeking to strike Respondent's February 24, 2022 Return of Writ. (ECF Doc. 23.) In support, he asserted that Respondent had not served him with the Return of Writ, and that he had only learned of the filing by calling the Clerk's office. (*Id.* at p. 1.) The certificate of service date on the motion was March 2, 2022, but it was docketed on March 10, 2022. (*Id*. at p. 2.) Respondent opposed the Motion, arguing that Respondent "served the Answer/Return of Writ, Exhibits, and Transcripts on Coleman on February 24, 2022 as stated in the Warden's certificate of service." (ECF Doc. 27 p. 1.) Respondent further noted that he re-served Petitioner with the filings on March 17, 2022, along with his brief in opposition to the motion. (*Id*.)

Petitioner later filed a document captioned "Petitioner's Amended Claims," which appears to set forth seven grounds for relief in connection with the pending habeas petition. (ECF Doc. 24 ("Amended Petition").) The Petition itself sets forth only five grounds for relief. (ECF Doc. 1.) The Amended Petition contains a certificate of service dated February 21, 2022, along with a hand-written note on the first page stating: "MAILBOX RULE 2•21•22," but was docketed on March 14, 2022. (ECF Doc. 24 pp. 1, 3.) The certificate of service states that a "copy of [the] amendment" was mailed to Respondent on February 21, 2022. (*Id*. at p. 3.)

3

Respondent filed an opposition to the Amended Petition on March 24, 2022, noting that Respondent had filed his Return of Writ on February 24, 2022, and arguing that Petitioner could not amend his Petition without seeking leave of court. (ECF Doc. 28.) Respondent also argued that the Court should not grant Petitioner leave to amend because "there was an undue delay in raising the claims, amendment would be futile, and the Warden would be unduly prejudiced if Coleman is allowed to amend his petition." (ECF Doc. 28.)

In reply to Respondent's opposition brief, Petitioner requested that the Court apply the mailbox rule based on the certificate of service date on each of his filings, including his Amended Petition. (ECF Doc. 34.) He argued "the record will confirm that Coleman's Doc. No 24 [Petitioner's Amended Claims] was filed after he requested to strike respondent answer / return of writ for lack of service" if the mailbox rule is applied. (*Id.* at p. 1.) He also asserted that Respondent would not be prejudiced if he were allowed to amend his Petition. (*Id*. at p. 2.) This reply brief was docketed on April 11, 2022, with a certificate of service dated March 29, 2022. (*Id.*)

Petitioner also filed a Motion to Strike Doc #27, with Motion to Take Judicial Notice of Amended Claims and Vacate Magistrate (Actual Innocence Notice), which was docketed on April 4, 2022. (ECF Doc. 32.) The certificate of service is dated March 26, 2022 and a hand-written note on the first page states: "MAILBOX RULE." (*Id*. at pp. 1, 3.) In this motion, Petitioner requested that Respondent's opposition to his Motion to Strike Return of Writ (ECF Doc. 27) be stricken because the Respondent attempted to re-serve him with the Answer / Return of Writ without first seeking leave of Court, and asserted that no Exhibits or Transcripts accompanied the newly served Return of Writ. (*Id*. at p. 2.) He also requested that the Court

4

apply the mailbox rule to all filings, take judicial notice of his amended claims, and vacate the magistrate judge assignment in the case because he alleges actual innocence. (*Id.*)

Respondent filed an opposition to this motion on April 6, 2022, arguing Respondent did not need leave of court to re-serve courtesy copies of filings that had been previously served. (ECF Doc. 33.) Respondent also argued that it would not be appropriate or warranted for the Court to take judicial notice of disputed claims or claims that are not sufficiently plead. (*Id.*)

"Amendment of a petition for habeas corpus is governed by the 'rules of procedure applicable to civil actions.'" *Hodges v. Rose*, 570 F.2d 643, 649 (6th Cir. 1978) (citing 28 U.S.C. § 2242); *see also* Rules Governing Habeas Corpus Cases Under Section 2254, Rule 12 (stating Federal Rules of Civil Procedure may be applied in a habeas proceeding to the extent not inconsistent with statutory provisions or the Rules Governing Habeas Cases Under 2254).

Respondent argued that leave is required under Federal Rule of Civil Procedure 15 because Respondent's Return of Writ is a responsive pleading and was filed before the Amended Petition. (ECF Doc. 28 p. 1.) Rule 15 provides in pertinent part:

(1) A party may amend its pleading once as a matter of course within:

(A) 21 days after serving it, <u>or</u>

(B) <u>if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading</u> or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed R. Civ. P. 15(a)(1)(A)-(B) (emphasis added). As explained in the advisory committee's notes, Rule 15 was most recently amended "to make three changes in the time allowed to make one amendment as a matter of course." *See* Fed. R. Civ. P. 15(a)(1) advisory committee's note to 2009 amendment. "[T]he right to amend once as a matter of course is no longer terminated by

service of a responsive pleading . . . and the amended rule permits one amendment as a matter of course in response to a responsive pleading." *Id.*

Respondent filed his Return of Writ on February 24, 2022.  (ECF Doc. 19.)  Petitioner therefore had 21 days – or until March 17, 2022 – to file an amended petition without needing to seek Respondent's consent or leave of court under Fed. R. Civ. P. 15(a)(2).  Petitioner's Amended Petition was docketed on March 14, 2022, making it timely under Fed. R. Civ. P. 15(a)(1)(B) regardless of whether the mailbox rule is applied to the filing date.

While the Amended Petition was timely filed, that filing presently lacks the specificity required by Rule 2 of the Rules Governing Habeas Corpus Cases Under Section 2254.  In particular, the Amended Petition lacks the required statement of "facts supporting each ground for relief."  *See* Rules Governing Habeas Corpus Cases Under Section 2254, Rule 2(c). Considering Petitioner's *pro se* status, the Court grants Petitioner thirty (30) days from the date of this Order to complete and submit an AO Form 241 setting forth each of the seven grounds for relief identified in his Amended Petition (ECF Doc. 24 pp. 1-2), which must include a statement of facts in support of each of the seven grounds for relief.  In preparing this filing, Petitioner is reminded that this Court will not "abrogate basic pleading essentials in *pro se* suits," even as it continues to hold "*pro se* complaints . . . to a less stringent standard than formal pleadings drafted by lawyers." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).  Thus, the Court may summarily deny relief as to one or more grounds for relief if Petitioner fails to sufficiently plead all seven amended grounds for relief as required by this Order and Habeas Rule 2.

Having found that Petitioner timely sought to amend his Petition, the Court DENIES as MOOT Petitioner's Motion to Strike Respondent's Return of Writ (ECF Doc. 23).  Once Petitioner has filed his new Amended Petition as directed above, Respondent will have an

6

opportunity to file an amended Answer / Return of Writ in response to Petitioner's Amended Pleading.  The Court also DENIES as MOOT the Motion to Apply Mailbox Rule (ECF Doc. 34) because the Amended Petition was timely filed even without application of the mailbox rule.[2]

The Court DENIES Petitioner's Motion to Strike Doc #27, with Motion to Take Judicial Notice of Amended Claims and Vacate Magistrate (ECF Doc. 32) for the following reasons. Petitioner's request to strike Doc #27 (the opposition to his Motion to Strike Return of Writ) is MOOT.  Additionally, while the Court finds Petitioner timely filed his Amended Petition, the Court does not find that Petitioner has properly supported his request that the Court take judicial notice of those claims.  Finally, this case was referred to the undersigned Magistrate Judge in accordance with the Northern District of Ohio Local Civil Rules which provide:

> The Clerk shall refer all cases in the following categories to a Magistrate Judge for a Report and Recommendation as provided in Local Rule 72.1 . . . Pro se petitions for habeas corpus filed under 28 U.S.C. § 2254 provided such petition has first been reviewed by the Court pursuant to 28 U.S.C. § 1915(d) and Rule 4 of the Rules Governing § 2254 Cases and a decision has been made to require a response to the petition.

L.R. 72.2(b)(2) (emphasis in original).  Accordingly, Petitioner's request to vacate the magistrate is without merit.

**B.  Motions for Definite Statement from Respondent (ECF Doc. 36) and to Strike Transcripts (ECF Doc. 45), and Emergency Motion for Case Docket with Motion to Provide Clarification on Coleman's Definite Statement Request (ECF Doc. 47)**

Although filed separately, the Court addresses Petitioner's Motion for Definite Statement from Respondent (ECF Doc. 36), Motion to Strike Transcripts (ECF Doc. 45), and Emergency

---

[2] "Under the mailbox rule, a habeas petition is deemed filed when the prisoner gives the petition to prison officials for filing in the federal courts." *Cook*, 295 F.3d at 521.  While the Sixth Circuit has found that the mailbox rule may be extended to other filings where a petitioner "deliver[ed] them to prison mail room personnel in a proper manner before the … deadline," *Walker v. City of Lakewood*, 35 F.3d 567 (6th Cir. 1994), it is not clear – and this Court need not consider – whether Petitioner took the steps necessary to warrant the application of the mailbox rule in this case.

Motion for Case Docket with Motion to Provide Clarification on Coleman's Definite Statement Request (ECF Doc. 47) together due to the interrelatedness of the arguments presented therein.

In a Motion for Definite Statement from Respondent that was docketed on April 12, 2022, Petitioner argued he "needs the 'facts' supporting his [burglary] conviction[s] to pursue his claim." (ECF Doc. 36.)  Respondent filed his brief in opposition on April 15, 2022, arguing that the Return of Writ was not "so vague or ambiguous" that Petitioner could not "reasonably prepare a response." (ECF Doc. 37 (citing Fed. R. Civ. P. 12(e)).)  Respondent also noted that he included a copy of the indictment and jury trial transcripts with his Return of Writ, in compliance with Habeas Rule 5.  (*Id.*)  In his reply brief, docketed on May 31, 2022, Petitioner asserted that he "cannot respond to uncertified forged transcripts," and argued that the court reporter's signature on the transcripts he received from his appellate counsel are "totally different" from the signatures on "transcripts attached to the Respondent's Answer."  (ECF Doc. 49.)

Petitioner separately filed a Motion to Strike Transcripts, which was docketed on May 17, 2022, also seeking an order striking the transcripts filed by the Respondent as part of the state court record.  (ECF Doc. 45.)  In this Motion, Petitioner asserted that his prior appellate attorney provided him with trial transcripts that did not contain the court reporter's signature.  (*Id.*)  He also asserted that there are differences between the court reporter's signature on copies of transcripts he received from his prior appellate counsel, transcripts he received from the Respondent, and a letter he received from the court reporter.  (*Id.*)  He contends that the alleged differences show "corruption and the Court should strike the transcripts."  (*Id.*)

Petitioner also filed an Emergency Motion for Case Docket with Motion to Provide Clarification on Coleman's Definite Statement Request, which was docketed on May 24, 2022. (ECF Doc. 47.)  In that Motion, he requested a copy of the docket in this case.  (*Id.*)  He also

8

clarified that "when [he] filed his motion for an indefinite [*sic*] statement his request was for the Court to issue a statement pertaining to his pending objections and strike request." (*Id.*)

The Court DENIES as MOOT Petitioner's request for a definite statement from Respondent (ECF Doc. 36). As discussed above, Respondent will file an amended Answer / Return of Writ following Petitioner's filing of a new Amended Petition in the manner directed by this Order. Petitioner's request for a definite statement with respect to the present Return of Writ is therefore moot.

The Court DENIES Petitioner's request to strike the transcripts (ECF Doc. 45). As Petitioner acknowledges, the unsigned copies of transcripts that Petitioner references when seeking to strike the transcripts were provided to him by his prior appellate attorney. (ECF Doc. 45 p. 1, ECF Doc. 45-1 p. 1.) He has not alleged, and the record does not reflect, that the transcripts filed by the Respondent with the Return of Writ are unsigned or uncertified. (ECF Doc. 19 p. 4, ECF Doc. 19-2.) Petitioner also has not alleged or provided information to suggest that the transcripts provided by the Respondent do not accurately recount the state trial court proceedings. Furthermore, the undersigned notes that this Court's "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181, 131 S. Ct. 1388, 1398, 179 L. Ed. 2d 557 (2011). Thus, any questions regarding the accuracy of the trial court transcripts should have been raised by Petitioner in the state court proceedings. *See e.g.*, *Parrish v. Wainwright*, No. 3:16-CV-486, 2017 WL 3887965, at *1 (S.D. Ohio Sept. 5, 2017) (explaining that the court's review was "limited to the state court record and . . . the proper time for Parrish to raise his concerns over the transcript's completeness and accuracy was on appeal or in a motion for post-conviction relief").

9

The Court also DENIES Petitioner's Emergency Motion for Case Docket with Motion to Provide Clarification on Coleman's Definite Statement Request. (ECF Doc. 47.)  In that motion, Petitioner indicated he was requesting that the Court "issue a statement pertaining to his pending objections and strike request," and also send him a copy of the docket. (ECF Doc. 47.)  With respect to his request that the Court issue a statement on pending motions, the Court observes that "[a] district court has the inherent power to control its own docket." *Jack v. Allied Sys. Ltd.*, No. 3:05-CV-125, 2009 WL 10679557, at *3 (S.D. Ohio Sept. 21, 2009) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936); *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1341 (Fed. Cir. 1983)).  Indeed, "[h]ow to best manage the Court's docket 'calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.'" *Jack*, 2009 WL 10679557, at *3 (quoting *Landis*, 299 U.S. at 254-55).  Because it is within this Court's discretion to manage its own docket, the Court DENIES Petitioner's request that the Court "issue a statement pertaining to his pending objections and strike request" (ECF Doc. 47). The Court also notes that Petitioner's pending motions are resolved by the present order, with the exception of any relating to Petitioner's objections to prior orders by the undersigned.

Petitioner's request for a copy of the court docket (ECF Doc. 47) is also DENIED.  As this Court explained in its February 17, 2022 Order (ECF Doc. 17), the Court "is not required to fund plaintiff's litigation efforts and plaintiff has no constitutional right to free copies of documents." *Harris v. Erdos*, No. 1:20-CV-120, 2021 WL 1839739, at *2 (S.D. Ohio May 7, 2021) (citing *Bell-Bey, v. Toombs*, No. 93-2405, 1994 WL 105900 (6th Cir. Mar. 28, 1994) ("the law is settled that an inmate does not enjoy a federal constitutional right to unlimited free photocopying services")), *report and recommendation adopted*, No. 1:20-CV-120, 2021 WL 4225125 (S.D. Ohio Sept. 16, 2021).  While the Court did direct the Clerk "in [that] one instance

10

. . . to send Petitioner a copy of the docket in this case and the Petition with attachments," the Court also reminded Petitioner if he wanted copies of court records in the future, he could request copies and pay the per page fee associated with the request which is currently $.50 per page when copied or printed by the Clerk's office.  (ECF Doc. 17 p. 10.)  The Court accordingly denies Petitioner's request for a copy of the court docket, and again instructs Petitioner that he may request copies of court records in the same manner previously described by this Court.

**C.   Motions for Discovery, Expansion of Record, and an Evidentiary Hearing (ECF Docs. 18, 25, 29, 38, 42, 51, 52, 56)**

Also pending before the Court are various motions filed by Petitioner seeking discovery, expansion of the record, and an evidentiary hearing.  *See* Motion for Discovery on Behalf of Petitioner and Motion for Evidentiary Hearing (ECF Doc. 18); Emergency Motion to Expand the Record (ECF Doc. 25); Motion to Strike [Respondent's Response in Opposition to Petitioner's Motion for Discovery and Evidentiary Hearing (ECF Doc. 21)] (ECF Doc. 29); Motion to Expanding the Record (ECF Doc. 38); Motion for Issuance of Subpoenas to Meet Actual Innocence (Expand Record Demand) (ECF Doc. 42), Motion for Issuance of Subpoenas to Meet Actual Innocence Support (Expand Record Request) (ECF Doc. 51), Motion for Issuance of Subpoenas Transcripts (Expand Record Request) (ECF Doc. 52), and Motion for Subpoena the Entire Surveillance Video in Count One Burglary in Support of Actual Innocence Claim (Expand Record Request) (ECF Doc. 56).

In these motions, Petitioner seeks broad discovery and expansion of the record, including requests for witness names and statements, grand jury testimony and minutes, trial court hearing transcripts, results of scientific tests, videotapes and photographs, copies of search and seizure warrants and affidavits in support, as well as an evidentiary hearing.  (ECF Docs. 18, 25, 38, 42, 51, 52, 56.)   He contends discovery and expansion of the record is necessary to support his

11

habeas claims and to demonstrate his actual innocence.  (*Id*.)  Respondent opposes Petitioner's requests for discovery, expansion of the record, and evidentiary hearing.  (ECF Docs. 21, 30, 53, 54, 57.)

As discussed above, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Pinholster*, 563 U.S. at 181.  Accordingly, "[a] habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904, 117 S. Ct. 1793, 1796–97, 138 L. Ed. 2d 97 (1997).

Instead, pursuant to Habeas Rule 6, discovery under the Federal Civil Rules is discretionary with the Court and may be allowed only upon a showing of "good cause." *Id*.; *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001) ("A district court has discretion to grant discovery in a habeas case upon a fact specific showing of good cause under Rule 6.") (citing *Bracy*, 520 U.S. 899).   Notably, "Rule 6 does not sanction fishing expeditions based on a petitioner's conclusory allegations." *Williams v. Bagley*, 380 F.3d 932, 974 (6th Cir. 2004) (internal quotations and citations omitted).   Instead, a petitioner must demonstrate good cause through "specific allegations of fact." *Id*.  "The burden of demonstrating the materiality of information requested is on the moving party." *Stanford*, 266 F.3d at 460.

Habeas Rule 7 also gives the Court discretion over whether to "direct the parties to expand the record by submitting additional materials relating to the petition." *See* Rule 7 of the Rules Governing § 2254 Cases, 28 U.S.C.A. foll. § 2254 (". . . the judge *may* direct the parties to expand the record . . .) (emphasis added); *see also West v. Bell*, 550 F.3d 542, 551 (6th Cir. 2008) ("The decision of whether to expand the record, however, is within the sound discretion of the district court.").

As to evidentiary hearings, while they are not precluded in federal habeas proceedings, they are permitted only in limited circumstances. As set forth in 28 U.S.C. § 2254(e)(2):

> (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, <u>the court shall not hold an evidentiary hearing on the claim unless</u> the applicant shows that--
>
> (A) the claim relies on--
>
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C.A. § 2254(e)(2) (emphasis added); *see also* Rule 8 of the Rules Governing Habeas Corpus Cases Under Section 2254 (addressing evidentiary hearings). Even where a petitioner "is not disqualified from receiving an evidentiary hearing under § 2254(e)(2)," the Sixth Circuit has recognized that mere fact "does not entitle him to one." *Bowling v. Parker*, 344 F.3d 487, 512 (6th Cir. 2003). Indeed, "[e]ven in a death penalty case," the Sixth Circuit has recognized that "'bald assertions and conclusory allegations do not provide sufficient ground to warrant requiring the state to respond to discovery or to require an evidentiary hearing.'" *Id.* (quoting *Stanford*, 266 F.3d at 460) (alternations in original).

Petitioner has already been instructed to file a revised Amended Petition, in the format and with the specific supporting information described above. Once that Amended Petition has been filed, Respondent will have an opportunity to file an amended Answer / Return of Writ. With those specific pleadings and supporting allegations still outstanding and awaiting submission, this Court cannot meaningfully assess at this time whether Petitioner can meet his

13

burden to establish good cause to permit discovery, appropriate grounds to expand the record, or a sufficient basis to order an evidentiary hearing. Accordingly, the Court DENIES WITHOUT PREJUDICE Petitioner's requests for discovery, expansion of the record, and an evidentiary hearing (ECF Doc. 18, 25, 38, 42, 51, 52, 56), except that Petitioner's request for copies of the transcripts from trial court proceedings on February 7, 2018 and August 20, 2018 (ECF Doc. 52 p. 3) is DENIED as MOOT because the Respondent filed copies of those transcripts (ECF Doc. 53-1 pp. 11-35). The Court also DENIES as MOOT Petitioner's Motion to Strike Respondent's Response in Opposition to Petitioner's Motion for Discovery and Evidentiary Hearing (ECF Doc. 29).

### D.   Emergency Request for Appointment of Counsel (ECF Doc. 46) and Notice of Abuse of Taking of Legal Mail (ECF Doc. 39)

Petitioner's Emergency Request for Appointment of Counsel, docketed on May 24, 2022, is his second request for appointment of counsel. (ECF Doc. 46.) His first such motion was denied by the Court on February 17, 2022. (ECF Doc. 17.) In support of the new motion, Petitioner argues that he is in lockdown, is unable to access the legal library or a tablet to perform research, is unable to personally place his legal mail in the mailbox, and lacks the skill or legal knowledge to adequately pursue his legal rights. (ECF Doc. 46.) Similar arguments were addressed by the Court in its February 2022 order. (*See* ECF Doc. 17 pp. 5 (lack of legal training and expertise), 6-9 (interference with legal materials / limited access to legal resources).)

On May 25, 2022, Respondent filed a brief in opposition which asserted that the Court should deny the second request for counsel for the same reasons outlined in the Court's prior order. (ECF Doc. 48.) Petitioner's response was docketed on June 7, 2022, asserting that he cannot pursue his rights without the assistance of counsel, that he qualifies for the appointment of counsel, and that counsel is requested to protect his constitutional rights. (ECF Doc. 50.)

Petitioner also filed a Notice of Abuse of Taking Legal Mail, which was docketed on April 21, 2022, asserting that he had been sprayed with "mass" by correctional officers and had his legal mail confiscated. (ECF Doc. 39.) Although the notice was not captioned as a motion, Respondent filed a response noting that any challenge to the conditions of confinement is not a cognizable ground for relief in a federal habeas proceeding. (ECF Doc. 41.) In a response docketed on May 9, 2022, Petitioner asserted that his imprisonment was "significantly . . . hurting his ability to investigate, research, receive legal mail timely, if at all, access to the legal materials needed to pursue his 'Actual Innocence' claim." (ECF Doc. 44.)

The Court initially observes that "a claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Herrera v. Collins*, 506 U.S. 390, 404, 113 S. Ct. 853, 860, 122 L. Ed. 2d 203 (1993). Further, while Respondent and Petitioner submitted briefing in connection with the notice, the notice (ECF Doc. 39) is not styled as a motion and Petitioner does not seek specific relief. (ECF Doc. 39, ECF Doc. 44.) Nevertheless, the Court liberally construes the Notice (ECF Doc. 39) and related response (ECF Doc. 44) as further argument from Petitioner in connection with his second request for the appointment of counsel, and considers the arguments in that context.

Upon fully considering the arguments set forth by Petitioner in the above filings, the Court finds Petitioner has not set forth facts or argument which support a finding that exceptional circumstances warrant the appointment of counsel in this habeas action, for the same reasons set forth in detail in the Court's order on Petitioner's first motion for the appointment of counsel. (*See* ECF Doc. 17.) It is additionally noted that Petitioner's objection to the February 17, 2022 order denying his request for counsel (ECF Doc. 22) and his objection to the March 1, 2022

order striking his reply to Respondent's response to his supplement to motion to appoint counsel (ECF Doc. 26) remain pending. For the reasons stated, the Court DENIES Petitioner's second motion for appointment of counsel (ECF Doc. 46).

### III. CONCLUSION

For all of the reasons set forth above, the Court finds Petitioner timely sought to amend his Petition, but that the Amended Petition (ECF Doc. 24) lacks appropriate supporting facts for each of the seven asserted grounds for relief. Accordingly, the Court grants Petitioner thirty (30) days from the date of this Order to comply with this Order and Habeas Rule 2 by setting forth the seven grounds for relief identified in his Amended Petition (ECF Doc. 24 pp. 1-2) on AO Form 241. The Clerk of Court is directed to send to Petitioner a copy of AO Form 241 along with this Order. Petitioner shall complete AO Form 241 in its entirety, including a statement of supporting facts for each of the seven grounds for relief set forth in his Amended Petition (ECF Doc. 24). As explained above, the Court may summarily deny relief as to one or more grounds for relief if Petitioner fails to sufficiently plead each of the seven amended grounds for relief as required by this Order and Habeas Rule 2.

Respondent's Return of Writ is due within forty-five (45) days of Petitioner's filing of AO Form 241 as directed above. Because the Court finds no basis upon which to strike the Transcripts previously filed by Respondent (ECF Doc. 19-2), Respondent is not required to refile or send duplicate copies to Petitioner of the exhibits or transcripts that were previously filed in this case. Petitioner will have thirty (30) days from the filing of the Amended Return of Writ to file his Traverse. Respondent will then have fourteen days to file a Reply.

Additionally, as set forth in more detail above:

The Court DENIES as MOOT Petitioner's Motion to Strike Respondent's Return of Writ (ECF Doc. 23), Motion to Apply Mailbox Rule (ECF Doc. 34), and Request for a Definite Statement from Respondent (ECF Doc. 36).

The Court DENIES Petitioner's Motion to Strike Doc #27, with Motion to Take Judicial Notice of Amended Claims and Vacate Magistrate (ECF Doc. 32), Motion to Strike Transcripts (ECF Doc. 45), Emergency Request for Appointment of Counsel (ECF Doc. 46), and Emergency Motion for Case Docket with Motion to Provide Clarification on Coleman's Definite Statement Request. (ECF Doc. 47).

Except for Petitioner's request for copies of the transcripts from trial court proceedings on February 7, 2018 and August 20, 2018 (ECF Doc. 52 p. 3), which is DENIED as MOOT, the Court DENIES WITHOUT PREJUDICE Petitioner's requests for discovery, expansion of the record, and evidentiary hearing.  (ECF Doc. 18, ECF Doc. 25, ECF Doc. 38, ECF Doc. 42, ECF Doc. 51, ECF Doc. 52, ECF Doc. 56).  The Court also DENIES as MOOT Petitioner's Motion to Strike Respondent's Response in Opposition to Petitioner's Motion for Discovery and Evidentiary Hearing (ECF Doc. 29).

Dated: September 20, 2022

                                                             */s/ Amanda M. Knapp*
                                                           AMANDA M. KNAPP
                                                           UNITED STATES MAGISTRATE JUDGE