UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **JOHN C. COLEMAN,** | ) | CASE NO. 5:21-CV-01985 |
| | ) | |
| Petitioner, | ) | JUDGE CHARLES ESQUE FLEMING |
| | ) | |
| vs. | ) | MAGISTRATE JUDGE |
| | ) | JAMES E. GRIMES JR. |
| **WARDEN TIM MCCONAHAY,** | ) | |
| | ) | **OPINION AND ORDER ADOPTING** |
| Respondent. | ) | **MAGISTRATE'S REPORT AND** |
| | ) | **RECOMMENDATION** |

On October 20, 2021, Petitioner John C. Coleman ("Petitioner") filed a Petition for Writ of Habeas Corpus ("Petition"), pursuant to 28 U.S.C. § 2254. (ECF No. 1). On July 14, 2023, Magistrate Judge James E. Grimes Jr. filed a Report and Recommendation recommending that the Court deny and dismiss the Petition. (ECF No. 164).

Fed. R. Civ. P. 72(b)(2) provides that the parties may object to a Magistrate Judge's Report and Recommendation within 14 days after service. The Report and Recommendation also gave the parties notice of the 14-day time limit for filing objections. (ECF No. 164, R&R at PageID #2046). Under Fed. R. Civ. P. 5(b)(2)(C), service is complete upon mailing. Fed. R. Civ. P. 6(d) provides an additional three days to the time limit for objecting when service is made by mail. On July 14, 2023, a copy of the Report and Recommendation was mailed to Petitioner at the Toledo Correctional Institution. As a result, any objections by the parties were due on July 31, 2023.

Petitioner untimely filed his Objection to the Report and Recommendation (ECF No. 171) on August 9, 2023. Because Petitioner failed to timely file his objection, the Court finds that he forfeited his right to appeal the Report and Recommendation. *See Berkshire v. Beauvais*, 928 F.3d

520, 530-31 (6th Cir. 2019) (Clarifying that failure to object is a forfeiture, rather than a waiver.); *See also United States v. Wandahsega*, 924 F.3d 868, 878 (6th Cir. 2019) ("failure to object to a magistrate judge's Report and Recommendation results in a waiver of appeal on that issue as long as the magistrate judge informs parties of that potential waiver."). Although "exceptional circumstances may warrant departure from the waiver rule in the interest of justice," *Engle v. Ohio Dept. of Rehabilitations and Corrections*, 59 Fed. Appx. 763, 764 (6th Cir. 2003) (internal citation omitted), no such exceptional circumstances exist here.

Under the Federal Magistrates Act, a district court must conduct a *de novo* review of those portions of the Report and Recommendation to which the parties have objected. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). Absent objection, a district court may adopt a Report and Recommendation without further review. *See Peretz v. United States*, 501 U.S. 923, 939 (1991); *Thomas v. Arn*, 474 U.S. 140, 141-42 (1985).

Accordingly, the Court **ADOPTS** Magistrate Judge Grimes' Report and Recommendation, incorporates it fully herein by reference, and **DENIES** and **DISMISSES** the Petition. The Court also **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision cannot be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c).

**IT IS SO ORDERED.**

Date: August 22, 2023

_____
**CHARLES ESQUE FLEMING**
**UNITED STATES DISTRICT JUDGE**