# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **JOHN C. COLEMAN,** | ) | CASE NO. 1:21-CV-01985 |
| | ) | |
| Petitioner, | ) | JUDGE CHARLES ESQUE FLEMING |
| | ) | |
| vs. | ) | MAGISTRATE JUDGE |
| | ) | JAMES E. GRIMES JR. |
| **WARDEN TIM MCCONAHAY,** | ) | |
| | ) | **OPINION AND ORDER** |
| Respondent. | ) | |
| | ) | |

## I.  Background

On October 20, 2021, Petitioner John C. Coleman ("Petitioner") filed a Petition for Writ of Habeas Corpus ("Petition"), pursuant to 28 U.S.C. § 2254.  (ECF No. 1).  On July 14, 2023, Magistrate Judge James E. Grimes Jr. filed a Report and Recommendation (R&R) recommending that the Court deny and dismiss the Petition.  (ECF No. 164).  Fed. R. Civ. P. 72(b)(2) provides that the parties may object to a Magistrate Judge's R&R  within 14 days after service.  The R&R also gave the parties notice of the 14-day time limit for filing objections.  (ECF No. 164, PageID #2046).  Under Fed. R. Civ. P. 5(b)(2)(C), service is complete upon mailing.  Fed. R. Civ. P. 6(d) provides an additional three days to the time limit for objecting when service is made by mail.  On July 14, 2023, a copy of the R&R was mailed to Petitioner at the Toledo Correctional Institution.  As a result, any objections by the parties were due on July 31, 2023.

Petitioner's Objection to the R&R ("Objection") was filed on the docket on August 9, 2023.  (ECF No. 171).  On August 22, 2023, the Court dismissed the Petition because Petitioner failed to timely file his Objection.  (ECF Nos. 174 and 175).  On September 5, 2023, Petitioner filed a

motion for the Court to apply the mailbox rule to his Objection (ECF No. 177) and a motion for reconsideration (ECF No. 176). The Respondent filed his opposition to the motions (ECF No. 180) on September 12, 2023. Petitioner filed his reply in support of the motions (ECF No. 181) on October 10, 20223.

## II. Legal Standard

Under the Federal Magistrates Act, a district court must conduct a *de novo* review of those portions of the report and recommendation to which the parties have objected. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). Absent objection, a district court may adopt a report and recommendation without further review. *See Peretz v. United States*, 501 U.S. 923, 939 (1991); *Thomas v. Arn*, 474 U.S. 140, 141-42 (1985).

## III. Analysis

### A. Mailbox Rule

The "prisoner mailroom or mailbox filing rule" provides "a document filed by a pro se prisoner is deemed 'filed' with a court on the date the prisoner delivers the document to prison officials for forwarding to the court." *In re Looper*, 334 B.R. 596, 599 (2005) (citing *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 2382, 101 L.Ed.2d 245 (1988). Petitioner is a pro se prisoner, thus the mailbox rule applies to his filings. However, Petitioner has failed to establish that he delivered his Objection for mailing by July 31, 2023. Petitioner asserts that he gave his Objection to prison authorities for mailing on July 24, 2023. (ECF No. 177, PageID #2183). His only evidence that he placed his Objection in the mail on that date is the self-serving certificate of service attached to the Objection. (ECF No. 176, PageID #2180).

In *Houston*, the Supreme Court found "[b]ecause reference to prison mail logs will generally be a straightforward inquiry, making filing turn on the date the pro se prisoner delivers

2

the notice to prison authorities for mailing is a bright-line rule, not an uncertain one." *Houston*, 487 U.S at 285. The Court agrees with Respondent's assertion that, in so doing, the Supreme Court did not adopt a rule that a prisoner's unsupported declaration of the mailing date is dispositive. (ECF No. 180, PageID #2195). Petitioner has not put forth any evidence, such as an affidavit from a prison mailing official or a prison mail log, showing the date he placed his Objection in the mail. Petitioner's unsupported and self-serving assertion in the certificate of service that he mailed his Objection on July 24, 2023 is insufficient evidence that his Objection was timely.

### B. Objections

The Court finds that Petitioner failed to establish that he timely filed his Objection. In an abundance of caution, though, the Court has reviewed the Magistrate Judge's R&R *de novo*. The Magistrate Judge found that Petitioner procedurally defaulted all of his grounds for relief, and recommended that the petition be dismissed. (ECF No. 164, PageID #2023, 2045-2046). The Court agrees with the Magistrate Judge's findings and, after *de novo* review, adopts the R&R.

#### 1. Speedy Trial Claim

The Magistrate Judge found that Petitioner failed to show that "the Ohio court of appeals' finding that his rights were not violated is contrary to, or represents an unreasonable application of, clearly established Supreme Court precedent or that it was based on an unreasonable determination of the facts in light of the evidence presented." (*Id*. at PageID #2027); *See* 28 U.S.C. § 2254(d)(1), (2); *Brown v. Bobby*, 656 F.3d 325, 329 (6th Cir. 2011). Upon review of the record, the Court agrees with the Magistrate Judge that Petitioner failed to address the Ohio court of appeals' decision. The Court also agrees that based on the undisputed facts as determined by the court of appeals, if Petitioner did file a speedy trial motion, he filed it in a different case, seven

months after his arrest, and was responsible for the delay in this case. (ECF No. 164, PageID #2032). Further, while Coleman raised the speedy trial claim in his petition to reopen his state appeal, he failed to appeal the denial of the petition to the Ohio Supreme Court. (*Id.* at PageID #2026). As a result, "Coleman has procedurally defaulted his speedy trial claim and has not shown cause and prejudice sufficient to excuse his default." (*Id*. at PageID #2032).

### 2. Sufficiency Challenge

The Magistrate Judge found that Petitioner never presented his claim that the state presented insufficient evidence to prove his guilt to any Ohio court. (*Id*. at PageID #2034). Upon review of the record, the Court agrees. "In Ohio, a petitioner is not entitled to raise claims in post-conviction proceedings where those claims could have been raised on direct appeal." *Williams*, 460 F.3d at 806; *see Gerth v. Warden, Allen Oakwood Corr. Inst*., 938 F.3d 821, 830 (6th Cir. 2019) (explaining that Ohio courts enforce res judicata). As a result, "if an Ohio petitioner failed to raise a claim on direct appeal, which could have been raised on direct appeal, the claim is procedurally defaulted." *Williams*, 460 F.3d at 806; *see Hicks v. Collins*, 384 F.3d 204, 211 (6th Cir. 2004). To the extent that Coleman may assert that this issue was raised in his petition to reopen his appeal, he failed to appeal the denial of the petition to the Ohio Supreme Court. (ECF No. 164, PageID #2034). As a result, this claim has been procedurally defaulted and Coleman has not shown cause and prejudice to excuse the default.

### 3. Ineffective Assistance of Counsel

The Magistrate Judge found that Petitioner did not raise his ineffective assistance of trial counsel claim before any Ohio court. . (ECF No. 164, PageID #2036). He also determined that Petitioner has only raised a claim that his appellate counsel was ineffective when he petitioned to reopen his appeal. (*Id*.). Even if he arguably raised the issues of ineffectiveness of trial and

4

appellate counsel when he petitioned to reopen his state appeal, he failed to appeal the denial of the petition to the Ohio Supreme Court. (ECF No. 164, PageID #2036-2037). As a result, the Magistrate Judge found that these claims have been procedurally defaulted, and Coleman has made no showing of cause and prejudice to excuse the default. (*Id*.). Upon review of the record, the Court agrees.

### 4. *Brady* Claim

Coleman alleges, and has sought to bolster through a number of filings, that the state court violated his rights under *Brady v. Maryland*, 373 U.S. 83 (1963) by suppressing evidence. The Magistrate Judge found that Petitioner failed to assert any *Brady* claim because "he hasn't shown that the State suppressed anything." (ECF No. 164, PageID #2044). Furthermore, this claim was not raised in any Ohio court; as a result, it has been procedurally defaulted. (*Id*.). Upon review of the record before the Court, the Magistrate Judge properly found that Coleman has shown neither cause nor prejudice to excuse this default.

## IV. Conclusion

Accordingly, the Court **ADOPTS** Magistrate Judge Grimes' R&R, incorporates it fully herein by reference, and **DISMISSES** the Petition. Coleman's motions for reconsideration (ECF No. 176) and to proceed to judgment (ECF No. 178) are **DENIED**. His motion for the Court to apply the "mailbox rule" is **DENIED AS MOOT**; while the Court has applied this rule, the Court has found that Coleman has failed to establish the timely filing of his Objection. Notwithstanding the rule, the Court has found, after *de novo* review, that even if the Petition was timely filed, all of Coleman's claims are meritless for the reasons stated. The Court **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision cannot be taken in good faith, and that there

is no basis upon which to issue a certificate of appealability.  Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c).

**IT IS SO ORDERED.**

Date: October 25, 2023

_____
**CHARLES ESQUE FLEMING**
**UNITED STATES DISTRICT JUDGE**

6